Joseph W. Staley (GA Bar #142571)
*(pro hac vice forthcoming)*
Email: j.staley@pkhip.com
Scott P. Amy (GA Bar #141416)
*(pro hac vice forthcoming)*
Email: s.amy@pkhip.com
Andrea P. Nguyen (GA Bar #306931)
*(pro hac vice forthcoming)*
Email: a.nguyen@pkhip.com
Thomas F. Finch (GA Bar #637008)
*(pro hac vice forthcoming)*
Email: t.finch@pkhip.com
**PERILLA KNOX &
HILDEBRANDT LLP**
5871 Glenridge Drive, Suite 350
Atlanta, GA 30328
Telephone: 770-927-7802
Facsimile: 877-389-6779

Matthew Hawkinson (SBN 248216)
mhawkinson@hycounsel.com
**HAWKINSON YANG LLP**
8033 W. Sunset Blvd. #3300
Los Angeles, CA 90046
Tel: (213) 634-0370
Fax: (213) 260-9305

Attorneys for Plaintiff
FOX Factory, Inc.

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
## EASTERN DIVISION

| | |
|---|---|
| FOX FACTORY, INC., <br><br> Plaintiff, <br><br> v. <br><br> SUSPENSION DIRECT, INC., <br><br> Defendant. | Case No. 5:25-cv-01910 <br><br> **PLAINTIFF FOX FACTORY, INC.'S COMPLAINT FOR PATENT INFRINGEMENT** <br><br> **JURY TRIAL DEMANDED** |

Plaintiff Fox Factory, Inc. ("FOX Factory" or "Plaintiff") files this Complaint for Patent Infringement against Defendant Suspension Direct, Inc. ("SDi"), and in support thereof alleges as follows:

## NATURE AND BASIS OF THE ACTION

1.   This is an action for patent infringement under the patent laws of the United States, 35 U.S.C. § 1 *et seq.*  FOX Factory seeks injunctive relief, damages, and recovery of its reasonable costs and attorneys' fees.

## THE PARTIES

2.    Plaintiff FOX Factory, Inc. is a corporation organized and existing under the laws of California and has its principal place of business at 915 Disc Drive, Scotts Valley, California 95066.

3.    Upon information and belief, Defendant Suspension Direct, Inc. is a corporation organized and existing under the laws of California and has a regular and established place of business at 571 B Crane Street, Lake Elsinore, California 92530. Upon further information and belief, SDi may be served by serving its Registered Agent Daniel J. Worley at its registered address of 571 B Crane Street, Lake Elsinore, California 92530.

## JURISDICTION AND VENUE

4.    This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331 and 1338(a) because this Complaint includes a cause of action for patent infringement under the patent laws of the United States, including, but not limited to, 35 U.S.C. §§ 271, 281, 283-285, and 287.

5.    This Court has personal jurisdiction over SDi by virtue of the fact that SDi resides in this District, has a regular and established place of business in this District, has transacted substantial business in this District, has derived substantial revenue from goods offered for sale and/or sold in this District, and/or has established sufficient minimum contacts with the State of California such that it is subject to the

personal jurisdiction of this Court. Personal jurisdiction in California over SDi is also consistent with the requirements of due process.

6. Venue is proper in this district under 28 U.S.C. § 1400(b) because SDi resides in this District, has a regular and established place of business in this District located at 571 B Crane St., Lake Elsinore, California 92530, has committed acts of infringement in this District, and a substantial part of the events or omissions giving rise to the claims occurred in this District.

## FACTUAL BACKGROUND

### FOX Factory and Its Innovative Sway Bar Link

7. For over thirty years, FOX Factory has been a global leader in the design, development, and manufacture of high-performance shock absorbers, suspension products, and related components for mountain bikes, motorcycles, ATVs, UTVs, and off-road cars, trucks, and SUVs.

8. FOX Factory is a direct supplier of its high-performance shock absorbers, suspension products, and related components to leading bicycle and powered vehicle original equipment manufacturers (OEMs).

9. FOX Factory also provides its high-performance shock absorbers, suspension products, and related components in the after-market through its global network of retailers and distributors, as well as through direct-to-consumer channels.

10. FOX Factory's global portfolio of brands includes FOX, Marucci, Method Race Wheels, and Shock Therapy, to name a few.

11. One of FOX Factory's many high-performance suspension products includes an innovative sway bar link disconnect that provides a rapid way to disconnect or connect a vehicle's sway bar on the fly, as well as an innovative way to adjust and/or manipulate the stiffness of the sway bar.

12. FOX Factory's innovative sway bar link disconnect, unlike conventional sway bar assemblies or other sway bar disconnect systems, has either one end or both

ends of the sway bar coupled to the vehicle by an electronically controlled damper link.

13.    FOX Factory's innovative sway bar link disconnect is currently offered for sale and sold on the FOX Factory website, the Shock Therapy website, and through other retail channels. An example of Fox Factory's innovative sway bar link disconnect that is currently offered for sale and sold on the FOX Factory website – namely, the FOX Quick Switch Electric (QSE) Sway Bar Link Disconnect – is shown below:

14.    FOX Factory's innovative sway bar link disconnect is but one of FOX Factory's many innovative suspension products, and it has spent a substantial amount



of time and resources designing and developing this innovative suspension product.

15.    As a result of FOX Factory's efforts in designing and developing an innovative sway bar link disconnect, FOX Factory applied for and was granted numerous U.S. patents on various aspects of its innovative sway bar link disconnect, including U.S. Patent Nos.: 10,981,429 ("the '429 Patent"); 11,634,003 ("the '003 Patent"); and 12,263,711 ("the '711 Patent") (collectively, "the Asserted Patents").

16.    The '429 Patent, entitled "ELECTRONICALLY CONTROLLED SWAY BAR DAMPING LINK," was filed on September 27, 2018, and after a full and fair examination, was duly and legally issued by the United States Patent and Trademark Office ("PTO") on April 20, 2021. A true and correct copy of the '429 Patent is attached hereto as Exhibit A.

17.    FOX Factory is the legal owner of all right, title, and interest in and to the '429 Patent, including the right to make, use, offer for sale, sell, and import products covered by the '429 Patent, and the right to enforce the '429 Patent.

18.    The '003 Patent, entitled "AUTOMATED CONTROL SYSTEM FOR AN ELECTRONICALLY CONTROLLED SWAY BAR LINK," was filed on December 16, 2021, and after a full and fair examination, was duly and legally issued by the PTO on April 25, 2023. A true and correct copy of the '003 Patent is attached hereto as Exhibit B.

19.    FOX Factory is the legal owner of all right, title, and interest in and to the '003 Patent, including the right to make, use, offer for sale, sell, and import products covered by the '003 Patent, and the right to enforce the '003 Patent.

20.    The '711 Patent, entitled "AUTOMATED CONTROL SYSTEM FOR AN ELECTRONICALLY CONTROLLED SWAY BAR LINK," was filed on March 28, 2023, and after a full and fair examination, was duly and legally issued by the PTO on April 1, 2025. A true and correct copy of the '711 Patent is attached hereto as Exhibit C.

21.    FOX Factory is the legal owner of all right, title, and interest in and to the '711 Patent, including the right to make, use, offer for sale, sell, and import products covered by the '711 Patent, and the right to enforce the '711 Patent.

## SDi and ITS UNLAWFUL CONDUCT

22.    Upon information and belief, SDi is a manufacturer and distributor of suspension products and related components for motorcycles, ATVs, UTVs, and off-road cars, trucks, and SUVs.

23. FOX Factory recently learned that SDi is making, having made, importing, distributing, offering for sale, and/or selling one or more sway bar link disconnect products, including the SDi E-LINK product, that provides a rapid way to disconnect or connect the sway bay on the fly. *See* *https://www.suspensiondirect.com/shop/eclik/e-link*.

24. SDi states on its website that "[t]he E-LINK sway bar link is a revolutionary, new product that can instantly change from being connected to disconnected, automatically, taking the SDi E-CLIK system to the next level. SDi's E-LINK brings Dynamic Sway Bar Control that engages and disengages when needed, instantly, without the driver having to think about it." *See* https://www.suspensiondirect.com/shop/e-link-for-jeep-jk.

25. SDi further states on its website that "E-LINK integrates with E-CLIK Terrain Modes, changing how it performs depending on the selected terrain, Automatically. **In Trail Mode** the link remains unlocked [] for rock crawling and off-road trails, but locks when it senses higher speed and turns. **In Desert mode**, you've got the freedom of an unlocked sway bar at most times for superb bump compliance, but as soon as you turn, the E-LINK locks up. **In Street mode**, the E-LINK unlocks for slow driving condition like speed bumps but stays locked for normal driving for ultimate stability and on road performance." *See id.*

26. An example of SDi's E-LINK product for the Jeep Wrangler (JK) is shown the images below:

COMPLAINT BY FOX FACTORY

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28





27.    On May 7, 2025, FOX Factory, through its outside counsel, sent a letter to SDi to provide actual notice of the infringement of the Asserted Patents, and to further request that SDi cease all marketing, manufacture, offers for sale, and sales of

any sway bar link disconnect products that infringe one or more claims of the Asserted Patents, including the SDi E-LINK product.

28.    On May 21, 2025, SDi, through owner Dan Worley, responded to FOX Factory's letter via email and denied infringement and declined to cease marketing, manufacture, offers for sale, and sales of its sway bar link disconnect products that include the SDi E-LINK product.

**COUNT I**

**DIRECT INFRINGEMENT OF THE '429 PATENT**

29.    FOX Factory incorporates and re-alleges the allegations contained in the preceding paragraphs as if set forth verbatim herein.

30.    Upon information and belief, SDi makes, uses, imports, sells, or offers to sell, one or more sway bar link disconnect products and related components, including at least the E-LINK product for the Jeep Wrangler (JK) (SKU: SDL-SS-2331006) and Jeep Wrangler (JL/JT) (SKU: SDL-SS-2331005), as well as any E-LINK products for any other ATV, UTV, and off-road car, truck, or SUV manufacturers, and other products having substantially similar structure, function, or operation (collectively, the "Accused E-LINK Products").

31.    Upon information and belief, the Accused E-LINK Products are configured to be used with and should be understood to include the SDi E-CLIK system.

32.    Upon information and belief, SDi has installed and utilized the Accused E-LINK Products (including by and through use of the SDi E-CLIK system) in vehicles which include a sway bar, such as for example the Jeep Wrangler shown in the promotional video referenced in Paragraph 38, below. *See* https://www.youtube.com/watch?v=uGhEhLsAXko&t=43s. Collectively, any products or vehicles which include a sway bar wherein SDi has installed and utilized one or more of the Accused E-LINK Products are referred to as the "Accused Systems."

33.    SDi directly infringes, literally or under the doctrine of equivalents, one or more claims of the '429 Patent by, without authority, making, using, importing, selling, or offering to sell the Accused Systems within the United States in violation of 35 U.S.C. § 271(a).

34.    By way of example, SDi directly infringes, literally or under the doctrine of equivalents, at least Claim 12 of the '429 Patent by, without authority, making, using, importing, selling, and/or offering to sell the Accused Systems within the United States in violation of 35 U.S.C. § 271(a).

35.    The preamble to Claim 12 of the '429 Patent recites: **"A sway bar system comprising:"**.

36.    To the extent that the preamble of Claim 12 is determined to be limiting, the Accused Systems include a sway bar system. *See* https://www.youtube.com/watch?v=uGhEhLsAXko&t=43s.

37.    SDi advertises the Accused E-LINK Products as components for use in a sway bar system. For example, SDi states on its website that:



**E-LINK FOR JEEP JK**

Be the first to review this product

**SKU** SDL-SS-2331006    IN STOCK

SDI's E-LINK revolutionizes vehicle control with Dynamic Sway Bar technology, seamlessly engaging and disengaging based on driving conditions. It integrates perfectly with E-CLIK's patented terrain modes, ensuring optimal stability on-road and superior articulation off-road. Experience consistent peak performance in any environment.

**Winner of 2 SEMA Global Media Awards, and Runner up for SEMA Best Engineered New Product of the Year.**

https://www.suspensiondirect.com/shop/e-link-for-jeep-jk.

38.    SDi further states on its promotional videos on its website that the Accused E-LINK Products are sway bar links that offers dynamic sway bar control. https://www.youtube.com/watch?v=uGhEhLsAXko&t=43s.

39.    SDi further depicts the Accused E-LINK Products in its promotional



videos as a component for use in a sway bar system:



40.     Limitation 12[A] of the '429 Patent recites: **"a sway bar having a first end and a second end, said second end distal from said first end."**

41.     The Accused Systems include a sway bar having a first end and a second end, the second end distal from the first end. As shown in the promotional video referenced in Paragraph 38 above, the Accused E-LINK Products are utilized with sway bars having a first end and second end, with the second end distal from the first end. *See* https://www.youtube.com/watch?v=uGhEhLsAXko&t=43s.

42.     Upon information and belief, SDi has installed and utilized the Accused E-LINK Products in vehicles, such as the Jeep Wrangler shown in the promotional video referenced in Paragraph 38 above, having a sway bar having a first end and second end, with the second end distal form the first end. *See id.*

43.     Limitation 12[B] of the '429 Patent recites: **"a first electronically controlled damper link coupled to said first end of said sway bar and said first electronically controlled damper link configured to be coupled to a first location of a vehicle, said first electronically controlled damper link having operational damping characteristics which are electronically adjustable; and".**

44.     The Accused Systems have a first electronically controlled damper link coupled to said first end of said sway bar and said first electronically controlled damper link configured to be coupled to a first location of a vehicle.



45.    SDi's installation instructional video for the Accused E-LINK Products
depicts an installer installing the E-LINK by coupling it to a first end of a sway bar
and to a first location on a vehicle (*i.e.*, the tab at the base of the strut in the vehicle's
suspension system), as shown below:



*See* https://www.youtube.com/watch?v=aD3s7mjZnwk&t=3s.

46.    The Accused E-LINK Products comprise a first electronically controlled damper link having operational damping characteristics which are electronically adjustable.

47.    Specifically, the Accused E-LINK Products are electronically controlled, as they utilize SDi's E-CLIK system. *See* https://www.youtube.com/watch?v=uGhEhLsAXko&t=43s (describing the electronic control of the Accused E-LINK Products using the E-CLIK system).

48.    The installation instructional video referenced in Paragraph 45 above also describes how to connect the electronic wiring of the E-LINK to the electronic system of the vehicle, including SDi's E-CLIK system. *See* https://www.youtube.com/watch?v=aD3s7mjZnwk&t=3s.

49.    The Accused E-LINK Products have operational characteristics which are electronically adjustable, as stated below:

"The E-LINK sway bar link is a revolutionary, new product that **can instantly change from being connected to disconnected, automatically,** taking the SDi E-CLIK system to the next level. SDI's E-LINK brings Dynamic Sway Bar Control that **engages and disengages** when needed, instantly, without the driver having to think about it.

In Auto mode, the E-LINK will lock instantly when it's needed, such as on-road cornering to reduce body roll, and then disengage to allow for more articulation and unparalleled comfort. It's the best of both worlds without having to leave the comfort of your jeep to adjust, or decide to run without your sway bars connected."

https://www.suspensiondirect.com/shop/catalog/product/view/_ignore_category/1/id/4315/s/e-link-for-jeep-jk/ (emphasis added).

50.    SDi further depicts the Accused E-LINK Products as having an electronic controller that has selectable options for adjusting the damping

characteristics: "unlocked, locked, and auto mode." *See*
https://www.youtube.com/watch?v=uGhEhLsAXko&t=43s

51.    Limitation 12[C] of the '429 Patent recites: **"a second link coupled to
said second end of said sway bar and said second link configured to be coupled
to a second location of said vehicle."**

52.    The Accused Systems have a second link coupled to said second end of
said sway bar and said second link configured to be coupled to a second location of
said vehicle.

53.    Specifically, the Accused E-LINK Products are configured to be
installed in pairs such that a second E-LINK is coupled to a second end of the sway
bay and to a second location on the vehicle. *See*
https://www.youtube.com/watch?v=aD3s7mjZnwk&t=3s (describing how to install
the Accused E-LINK Products to a second end of the sway bar and coupled to a second
location of the vehicle).

54.    As a result of SDi's infringement of the '429 Patent, FOX Factory has
been damaged and will continue to be damaged by SDi's unlawful conduct. FOX
Factory is entitled to recover damages pursuant to 35 U.S.C. § 284 adequate to
compensate for SDi's infringing activities in an amount to be determined at trial, but
in no event less than a reasonable royalty.

55.    SDi's infringement of the '429 Patent has injured and continues to injure
FOX Factory and will continue to cause irreparable harm to FOX Factory unless SDi
is enjoined from infringing one or more claims of the '429 Patent. Fox is entitled to
preliminary and/or permanent injunctive relief against SDi from further infringement
pursuant to 35 U.S.C. § 283.

56.    Since at least as early as the receipt of FOX Factory's May 7, 2025 letter,
SDi's infringement of the '429 Patent has been and continues to be knowing,
intentional, and willful.

57.    As a result of at least SDi's willful infringement of the '429 Patent, this is an exceptional case, and FOX Factory is entitled to an award of its reasonable attorneys' fees pursuant to 35 U.S.C. § 285.

**COUNT II**

**INDUCED INFRINGEMENT OF THE '429 PATENT**

58.    FOX Factory incorporates and re-alleges the allegations contained in the preceding paragraphs as if set forth verbatim herein.

59.    SDi has induced, and continues to induce, infringement of the '429 Patent by actively, knowingly, and intentionally inducing third parties to directly infringe one or more claims of the '429 Patents by using one or more sway bar link disconnect products and related components, including the Accused E-LINK Products, within the United States in violation of 35 U.S.C. § 271(b).

60.    By way of example, SDi has induced, and continues to induce, its customers and other end-users of the Accused E-LINK Products to directly infringe at least Claim 12 of the '429 Patent through activities such as creating and distributing marketing and promotional materials, creating and distributing product literature, and offering installation and technical support for the Accused E-LINK Products, each of which are designed to instruct, encourage, direct, enable, and facilitate use of the Accused E-LINK Products in combination with vehicles that utilize a sway bar in a manner that infringes the '429 Patent.

61.    SDi actively markets the Accused E-LINK Products on its website as a component for use in a sway bar system, including for use on vehicles having a sway bar system, such as the Jeep Wrangler (JK) and Jeep Wrangler (JL/JT). *See, e.g.,* https://www.suspensiondirect.com/shop/e-link-for-jeep-jk.

62.    SDi also actively markets the Accused E-LINK Products as a component for use on vehicles having a sway bar system through various promotional videos, including a promotional video showing the Accused E-LINK Products in use on a Jeep Wrangler (JK). *See* https://www.youtube.com/watch?v=uGhEhLsAXko&t=43s.

63.     SDi also provides installation and technical videos that are designed to instruct, encourage, direct, enable, and facilitate the installation and use of the Accused E-LINK Products on vehicles having a sway bar system. *See* https://www.youtube.com/watch?v=aD3s7mjZnwk&t=3s.

64.     SDi has had actual knowledge of the '429 Patent, as well as actual knowledge of direct infringement of the '429 Patent, since at least as early as the receipt of FOX Factory's May 7, 2025 letter.

65.     Despite such knowledge of the '429 Patent, or being willfully blind to the existence of the '429 Patent, SDi has provided, and continues to provide, the Accused E-LINK Products to third parties including its customers and instructs, encourages, directs, enables, and facilitates third parties' use of the Accused E-LINK Products in combination with vehicles that utilize a sway bar in a manner that infringes the '429 Patent.

66.     Third parties, including but not limited to SDi's customers, install and use the Accused E-LINK Products in a manner that directly infringes the '429 Patent. As a result, and upon information and belief, SDi has knowingly and intentionally encouraged and aided its customers to directly infringe the '429 Patent.

67.     Upon information and belief, SDi specifically intended and intends that its actions will induce infringement of the '429 Patent or subjectively believes that its actions will result in infringement of the '429 Patent.

68.     As a direct and proximate result of SDi's inducement of infringement of the '429 Patent, FOX Factory has been and continues to be damaged. FOX Factory is entitled to recover damages pursuant to 35 U.S.C. § 284 adequate to compensate for SDi's infringing activities in an amount to be determined at trial, but in no event less than a reasonable royalty.

69.     SDi's infringement of the '429 Patent has injured and continues to injure FOX Factory and will continue to cause irreparable harm to FOX Factory unless SDi is enjoined from infringing one or more claims of the '429 Patent. Fox is entitled to

preliminary and/or permanent injunctive relief against SDi from further infringement pursuant to 35 U.S.C. § 283.

70.    Since at least as early as the receipt of FOX Factory's May 7, 2025 letter, SDi's infringement of the '429 Patent has been and continues to be knowing, intentional, and willful.

71.    As a result of at least SDi's willful infringement of the '429 Patent, this is an exceptional case, and FOX Factory is entitled to an award of its reasonable attorneys' fees pursuant to 35 U.S.C. § 285.

## COUNT III

## CONTRIBUTORY INFRINGEMENT OF THE '429 PATENT

72.    FOX Factory incorporates and re-alleges the allegations contained in the preceding paragraphs as if set forth verbatim herein.

73.    SDi has contributed, and continues to contribute, to the infringement of the '429 Patent by third parties, including at least its customers, by importing, selling, or offering to sell one or more sway bar link disconnect products and related components, including the Accused E-LINK Products, which are material components of the one or more of the inventions claimed in the '429 Patent and are not staple articles of commerce suitable for a non-infringing use.

74.    SDi has had actual knowledge of the '429 Patent, as well as actual knowledge of direct infringement of the '429 Patent, since at least as early as the receipt of FOX Factory's May 7, 2025 letter.

75.    Despite such knowledge of the '429 Patent, or being willfully blind to the existence of the '429 Patent, SDi imports, offers for sale, and sells in the United States one or more sway bar link disconnect products and related components, including the Accused E-LINK Products, knowing that the Accused E-LINK Products are especially made for use in the infringement of the '429 Patent. There is no other use for the Accused E-LINK Products other than as a component for use in a sway bar system, including for use on vehicles having a sway bar system, such as the Jeep

1  Wrangler (JK) and Jeep Wrangler (JL/JT). *See, e.g.,*
2  https://www.suspensiondirect.com/shop/e-link-for-jeep-jk.

3  76.    SDi's customers who purchase the Accused E-LINK Products do so with
4  the sole purpose of incorporating the Accused E-LINK Products as a component for
5  use in a sway bar system, including for use on vehicles having a sway bar system, in
6  a manner that directly infringes the '429 Patent and in fact do incorporate the Accused
7  E-LINK Products in a manner that directly infringes the '429 Patent.

8  77.    As a direct and proximate result of SDi's contributory infringement of
9  the '429 Patent, FOX Factory has been and continues to be damaged. FOX Factory is
10  entitled to recover damages pursuant to 35 U.S.C. § 284 adequate to compensate for
11  SDi's infringing activities in an amount to be determined at trial, but in no event less
12  than a reasonable royalty.

13  78.    SDi's infringement of the '429 Patent has injured and continues to injure
14  FOX Factory and will continue to cause irreparable harm to FOX Factory unless SDi
15  is enjoined from infringing one or more claims of the '429 Patent. Fox is entitled to
16  preliminary and/or permanent injunctive relief against SDi from further infringement
17  pursuant to 35 U.S.C. § 283.

18  79.    Since at least as early as the receipt of FOX Factory's May 7, 2025 letter,
19  SDi's infringement of the '429 Patent has been and continues to be knowing,
20  intentional, and willful.

21  80.    As a result of at least SDi's willful infringement of the '429 Patent, this
22  is an exceptional case, and FOX Factory is entitled to an award of its reasonable
23  attorneys' fees pursuant to 35 U.S.C. § 285.

24  **COUNT IV**

25  **DIRECT INFRINGEMENT OF THE '003 PATENT**

26  81.    FOX Factory incorporates and re-alleges the allegations contained in the
27  preceding paragraphs as if set forth verbatim herein.

28

82.    SDi directly infringes, literally or under the doctrine of equivalents, one or more claims of the '003 Patent by, without authority, making, using, importing, selling, and/or offering to sell the Accused Systems within the United States in violation of 35 U.S.C. § 271(a).

83.    By way of example, SDi directly infringes, literally or under the doctrine of equivalents, at least Claim 1 of the '003 Patent by, without authority, making, using, importing, selling, or offering to sell the Accused Systems within the United States in violation of 35 U.S.C. § 271(a).

84.    The preamble of Claim 1 of the '003 Patent recites: **"A sway bar system comprising:"**.

85.    To the extent that the preamble of Claim 1 is determined to be limiting, the Accused Systems include a sway bar system. *See* https://www.youtube.com/watch?v=uGhEhLsAXko&t=43s.

86.    SDi advertises the Accused E-LINK Products as a component for use in a sway bar system. For example, SDi states on its website that:



**E-LINK FOR JEEP JK**

Be the first to review this product

**SKU**  SDL-SS-2331006  IN STOCK

SDI's E-LINK revolutionizes vehicle control with Dynamic Sway Bar technology, seamlessly engaging and disengaging based on driving conditions. It integrates perfectly with E-CLIK's patented terrain modes, ensuring optimal stability on-road and superior articulation off-road. Experience consistent peak performance in any environment.

**Winner of 2 SEMA Global Media Awards, and Runner up for SEMA Best Engineered New Product of the Year.**

https://www.suspensiondirect.com/shop/e-link-for-jeep-jk.

87.    SDi further states on its promotional videos on its website that the Accused E-LINK Products are sway bar links that offers dynamic sway bar control.



https://www.youtube.com/watch?v=uGhEhLsAXko&t=43s.

88.    SDi further depicts the Accused E-LINK Products in its promotional videos as a component for use in a sway bar system:



89.    Limitation 1[A] of the '003 Patent recites: **"a sway bar having a first end and a second end".**

90.    The Accused Systems include a sway bar having a first end and a second end. As shown in the promotional video referenced in Paragraph 87 above, the Accused E-LINK Products are utilized with sway bars having a first end and second end. *See* https://www.youtube.com/watch?v=uGhEhLsAXko&t=43s.

91.    Upon information and belief, SDi has installed and utilized the Accused E-LINK Products in vehicles, such as the Jeep Wrangler shown in the promotional video referenced in Paragraph 87 above, having a sway bar having a first send and second end. *See id.*

92.    Limitation 1[B] of the '003 Patent recites: **"an electronically controlled connector to provide a remotely controllable physical connection and disconnection capability between a first location on a vehicle and said first end of said sway bar".**

93.    The Accused E-LINK Products are electronically controlled connectors that provide a remotely controllable physical connection and disconnection capability between a first location on a vehicle and a first end of a sway bar.

94.    SDi states that the following:

"The E-LINK sway bar link is a revolutionary, new product that **can instantly change from being connected to disconnected, automatically,** taking the SDi E-CLIK system to the next level. SDI's E-LINK brings Dynamic Sway Bar Control that **engages and disengages** when needed, instantly, without the driver having to think about it.

In Auto mode, the E-LINK will lock instantly when it's needed, such as on-road cornering to reduce body roll, and then disengage to allow for more articulation and unparalleled comfort. It's the best of both worlds

without having to leave the comfort of your jeep to adjust, or decide to run without your sway bars connected."

https://www.suspensiondirect.com/shop/catalog/product/view/_ignore_category/1/id/4315/s/e-link-for-jeep-jk/ (emphasis added).

95.    SDi's installation instructional video for the Accused E-LINK Products depicts an installer installing the E-LINK by coupling it to a first end of a sway bar and to a first location on a vehicle (*i.e.*, the tab at the base of the strut in the vehicle's suspension system), as shown below:





https://www.youtube.com/watch?v=aD3s7mjZnwk&t=3s,

21                          Case No. 5:25-cv-01910

96.    The Accused E-LINK Products are electronically controlled utilizing SDi's E-CLIK system. *See* https://www.youtube.com/watch?v=uGhEhLsAXko&t=43s (describing the control of the Accused E-LINK Products using the E-CLIK system).

97.    The installation instructional video referenced in Paragraph 95 above also describes how to connect the electronic wiring of the E-LINK to the electronic system of a vehicle, including SDi's E-CLIK system, confirming that the E-LINK is electronically controllable. *See* https://www.youtube.com/watch?v=aD3s7mjZnwk&t=3s

98.    Limitation 1[C] of the '003 Patent recites: **"said second end of said sway bar coupled to a second location on said vehicle"**.

99.    The Accused E-LINK Products are configured to be installed in pairs such that a second E-LINK is coupled to a second end of the sway bay and to a second location on the vehicle. *See* https://www.youtube.com/watch?v=uGhEhLsAXko&t=43s (describing how to install the Accused E-LINK Products to a second end of the sway bar and coupled to a second location of the vehicle).

100.    Limitation 1[D] of the '003 Patent recites: **"a graphical user interface (GUI) communicatively coupled with said vehicle"**.

101.    The Accused System includes the SDi E-CLIK system, which includes a graphical user interface communicatively coupled with the vehicle as shown below.



102.   The Accused E-LINK Products are configured for use with the SDi E-CLIK system, which is an electronic system using sensors to adjust itself based on terrain.

103.   The Accused E-LINK Products are remotely controllable through the E-CLIK touch screen controller allowing the user to selectively adjust the sway bar connection from within the vehicle, as shown above. *See also* https://www.youtube.com/watch?v=uGhEhLsAXko&t=43s

104.   Limitation 1[E] of the '003 Patent recites: **"said GUI to present configuration information about said electronically controlled connector in a user interactive format"**.

105.   The Accused System includes the SDi E-CLIK system, which further includes a GUI that presents configuration information about the electronically controlled connector in a user interactive format. As shown above in Paragraph 101 and in the additional image below, the GUI of the SDi E-CLIK system depicts E-LINK data regarding locking and unlocking the sway bar.

*See also* https://www.youtube.com/watch?v=uGhEhLsAXko.

106.   Limitation 1[F] of the '003 Patent recites: **"said GUI configured to receive a user input, said user input to change said electronically controlled connector from a present connected or disconnected configuration to the other of said connected or disconnected configuration; and"**.

107.   The Accused System includes the SDi E-CLIK system, which further includes a GUI configured to receive a user input, said user input to change said electronically controlled connector from a present connected or disconnected configuration to the other of said connected or disconnected configuration.

108.   SDi depicts the Accused E-LINK Products as having a GUI that has selectable options for adjusting the damping characteristics: "unlocked, locked, and auto mode."   *See* https://www.youtube.com/watch?v=uGhEhLsAXko&t=43s

109.   Limitation 1[G] of the '003 Patent recites: **"a control system to receive said user input from said GUI and automatically connect or disconnect said electronically controlled connector based on said user input."**

110.   The Accused System includes the SDi E-CLIK system that has a control system to receive user input from the GUI and automatically connect or disconnect the electronically controlled connector based on said input. In particular, the SDi E-CLIK system accepts user input in the form of a "terrain mode" selection and automatically or disconnects the electronically controlled connector based on that selection.

111.   As a result of SDi's infringement of the '003 Patent, FOX Factory has been damaged and will continue to be damaged by SDi's unlawful conduct. FOX Factory is entitled to recover damages pursuant to 35 U.S.C. § 284 adequate to compensate for SDi's infringing activities in an amount to be determined at trial, but in no event less than a reasonable royalty.

112.   SDi's infringement of the '003 Patent has injured and continues to injure FOX Factory and will continue to cause irreparable harm to FOX Factory unless SDi is enjoined from infringing one or more claims of the '003 Patent. FOX Factory is entitled to preliminary and/or permanent injunctive relief against SDi from further infringement pursuant to 35 U.S.C. § 283.

113.   Since at least as early as the receipt of FOX Factory's May 7, 2025 letter, SDi's infringement of the '003 Patent has been and continues to be knowing, intentional, and willful.

114.   As a result of at least SDi's willful infringement of the '003 Patent, this is an exceptional case, and FOX Factory is entitled to an award of its reasonable attorneys' fees pursuant to 35 U.S.C. § 285.

## COUNT V

## INDUCED INFRINGEMENT OF THE '003 PATENT

115.   FOX Factory incorporates and re-alleges the allegations contained in the preceding paragraphs as if set forth verbatim herein.

116.   SDi has induced, and continues to induce, infringement of the '003 Patent by actively, knowingly, and intentionally inducing third parties to directly infringe one or more claims of the '003 Patents by using one or more sway bar link disconnect products and related components, including the Accused E-LINK Products, within the United States in violation of 35 U.S.C. § 271(b).

117.   By way of example, SDi has induced, and continues to induce, its customers and other end-users of the Accused E-LINK Products to directly infringe at least Claim 1 of the '003 Patent through activities such as creating and distributing

marketing and promotional materials, creating and distributing product literature, and offering installation and technical support for the Accused E-LINK Products, each of which are designed to instruct, encourage, direct, enable, and facilitate SDi's customers to use the Accused E-LINK Products in combination with vehicles that utilize a sway bar in a manner that infringes the '003 Patent.

118.    SDi actively markets the Accused E-LINK Products on its website as a component for use in a sway bar system, including for use on vehicles having a sway bar system, such as the Jeep Wrangler (JK) and Jeep Wrangler (JL/JT). *See, e.g.,* https://www.suspensiondirect.com/shop/e-link-for-jeep-jk.

119.    SDi also actively markets the Accused E-LINK Products as a component for use on vehicles having a sway bar system through various promotional videos, including a promotional video showing the Accused E-LINK Products in use on a Jeep Wrangler (JK). *See* https://www.youtube.com/watch?v=uGhEhLsAXko&t=43s.

120.    SDi also provides installation and technical videos that are designed to instruct, encourage, direct, enable, and facilitate the installation and use of the Accused E-LINK Products on vehicles having a sway bar system. *See* https://www.youtube.com/watch?v=aD3s7mjZnwk&t=3s.

121.    SDi has had actual knowledge of the '003 Patent, as well as actual knowledge of direct infringement of the '003 Patent, since at least as early as the receipt of FOX Factory's May 7, 2025 letter.

122.    Despite such knowledge of the '003 Patent, or being willfully blind to the existence of the '003 Patent, SDi has provided, and continues to provide, the Accused E-LINK Products to third parties, including its customers and instructs, encourages, directs, enables, and facilitates third parties' use of the Accused E-LINK Products in combination with vehicles that utilize a sway bar in a manner that infringes the '003 Patent.

123.    Third parties, including but not limited to SDi's customers, install and use the Accused E-LINK Products in a manner that directly infringes the '003 Patent.

As a result, and upon information and belief, SDi has knowingly and intentionally encouraged and aided its customers to directly infringe the '003 Patent.

124.    Upon information and belief, SDi specifically intended and intends that its actions will induce infringement of the '003 Patent or subjectively believes that its actions will result in infringement of the '003 Patent.

125.    As a direct and proximate result of SDi's inducement of infringement of the '003 Patent, FOX Factory has been and continues to be damaged. FOX Factory is entitled to recover damages pursuant to 35 U.S.C. § 284 adequate to compensate for SDi's infringing activities in an amount to be determined at trial, but in no event less than a reasonable royalty.

126.    SDi's infringement of the '003 Patent has injured and continues to injure FOX Factory and will continue to cause irreparable harm to FOX Factory unless SDi is enjoined from infringing one or more claims of the '003 Patent. FOX Factory is entitled to preliminary and/or permanent injunctive relief against SDi from further infringement pursuant to 35 U.S.C. § 283.

127.    Since at least as early as the receipt of FOX Factory's May 7, 2025 letter, SDi's infringement of the '003 Patent has been and continues to be knowing, intentional, and willful.

128.    As a result of at least SDi's willful infringement of the '003 Patent, this is an exceptional case, and FOX Factory is entitled to an award of its reasonable attorneys' fees pursuant to 35 U.S.C. § 285.

## COUNT VI

## CONTRIBUTORY INFRINGEMENT OF THE '003 PATENT

129.    FOX Factory incorporates and re-alleges the allegations contained in the preceding paragraphs as if set forth verbatim herein.

130.    SDi has contributed, and continues to contribute, to the infringement of the '003 Patent by third parties, including at least its customers, by importing, selling, or offering to sell one or more sway bar link disconnect products and related

components, including the Accused E-LINK Products, which are material components of the one or more of the inventions claimed in the '003 Patent and are not staple articles of commerce suitable for a non-infringing use.

131.  SDi has had actual knowledge of the '003 Patent, as well as actual knowledge of direct infringement of the '003 Patent, since at least as early as the receipt of FOX Factory's May 7, 2025 letter.

132.  Despite such knowledge of the '003 Patent, or being willfully blind to the existence of the '003 Patent, SDi imports, offers for sale, and sells in the United States one or more sway bar link disconnect products and related components, including the Accused E-LINK Products, knowing that the Accused E-LINK Products are especially made for use in the infringement of the '003 Patent. There is no other use for the Accused E-LINK Products other than as a component for use in a sway bar system, including for use on vehicles having a sway bar system, such as the Jeep Wrangler (JK) and Jeep Wrangler (JL/JT). *See, e.g.,* https://www.suspensiondirect.com/shop/e-link-for-jeep-jk.

133.  SDi's customers who purchase the Accused E-LINK Products do so with the sole purpose of incorporating the Accused E-LINK Products as a component for use in a sway bar system, including for use on vehicles having a sway bar system, in a manner that directly infringes the '003 Patent and in fact do incorporate the Accused E-LINK Products in a manner that directly infringes the '003 Patent.

134.  As a direct and proximate result of SDi's contributory infringement of the '003 Patent, FOX Factory has been and continues to be damaged. FOX Factory is entitled to recover damages pursuant to 35 U.S.C. § 284 adequate to compensate for SDi's infringing activities in and amount to be determined at trial, but in no event less than a reasonable royalty.

135.  SDi's infringement of the '003 Patent has injured and continues to injure FOX Factory and will continue to cause irreparable harm to FOX Factory unless SDi is enjoined from infringing one or more claims of the '003 Patent. FOX Factory is

entitled to preliminary and/or permanent injunctive relief against SDi from further infringement pursuant to 35 U.S.C. § 283.

136.   Since at least as early as the receipt of FOX Factory's May 7, 2025 letter, SDi's infringement of the '003 Patent has been and continues to be knowing, intentional, and willful.

137.   As a result of at least SDi's willful infringement of the '003 Patent, this is an exceptional case, and FOX Factory is entitled to an award of its reasonable attorneys' fees pursuant to 35 U.S.C. § 285.

## COUNT VII

## DIRECT INFRINGEMENT OF THE '711 PATENT

138.   FOX Factory incorporates and re-alleges the allegations contained in the preceding paragraphs as if set forth verbatim herein.

139.   SDi directly infringes, literally or under the doctrine of equivalents, one or more claims of the '711 Patent by, without authority, making, using, importing, selling, or offering to sell the Accused Systems within the United States in violation of 35 U.S.C. § 271(a).

140.   By way of example, SDi directly infringes, literally or under the doctrine of equivalents, at least Claim 1 of the '711 Patent by, without authority, making, using, importing, selling, or offering to sell the Accused Systems within the United States in violation of 35 U.S.C. § 271(a).

141.   The preamble of Claim 1 of the '711 Patent recites: **"A sway bar system comprising:"**.

142.   To the extent that the preamble of Claim 1 is determined to be limiting, the Accused System includes a sway bar system.

143.   SDi advertises the Accused E-LINK Products as components for use in a sway bar system. For example, SDi states on its website that:

1
2
3
4
5
6
7
8
9
10



**E-LINK FOR JEEP JK**

Be the first to review this product

**SKU** SDL-SS-2331006 IN STOCK

SDI's E-LINK revolutionizes vehicle control with Dynamic Sway Bar technology, seamlessly engaging and disengaging based on driving conditions. It integrates perfectly with E-CLIK's patented terrain modes, ensuring optimal stability on-road and superior articulation off-road. Experience consistent peak performance in any environment.

**Winner of 2 SEMA Global Media Awards, and Runner up for SEMA Best Engineered New Product of the Year.**

https://www.suspensiondirect.com/shop/e-link-for-jeep-jk.

11
12
13

144. SDi further states on its promotional videos on its website that the Accused E-LINK Products are sway bar links that offers dynamic sway bar control. https://www.youtube.com/watch?v=uGhEhLsAXko&t=43s.

14
15
16
17
18
19
20
21
22
23



24
25

145. SDi further depicts the Accused E-LINK Products in its promotional videos as a component for use in a sway bar system:

26
27
28



146.   Limitation 1[A] of the '711 Patent recites: **"a sway bar having a first end and a second end".**

147.   The Accused System includes a sway bar having a first end and a second end. As shown in the video referenced in Paragraph 144 above, the Accused E-LINK Products are utilized with sway bars having a first end and second end. *See* https://www.youtube.com/watch?v=uGhEhLsAXko&t=43s.

148.   Upon information and belief, SDi has installed and utilized the Accused E-LINK Products in vehicles, such as the Jeep Wrangler shown in the promotional video referenced in Paragraph 144 above, having a sway bar having a first send and second end, with the second end distal form the first end. *See id.*

149.   Limitation 1[B] of the '711 Patent recites: **"an electronically controlled connector to provide a remotely controllable physical connection and disconnection capability between a first location on a vehicle and said first end of said sway bar".**

150.   The Accused System includes an electronically controlled connector that provides a remotely controllable physical connection and disconnection capability between a first location on a vehicle and a first end of a sway bar.

151.   SDi states that the following:

"The E-LINK sway bar link is a revolutionary, new product that **can instantly change from being connected to disconnected, automatically,** taking the SDi E-CLIK system to the next level. SDI's E-LINK brings Dynamic Sway Bar Control that **engages and disengages** when needed, instantly, without the driver having to think about it.

In Auto mode, the E-LINK will lock instantly when it's needed, such as on-road cornering to reduce body roll, and then disengage to allow for more articulation and unparalleled comfort. It's the best of both worlds without having to leave the comfort of your jeep to adjust, or decide to run without your sway bars connected."

https://www.suspensiondirect.com/shop/catalog/product/view/_ignore_category/1/id/4315/s/e-link-for-jeep-jk/ (emphasis added).

152.   SDi's installation instructional video for the Accused E-LINK Products depicts an installer installing the E-LINK by coupling it to a first end of a sway bar and to a first location on a vehicle (*i.e.*, the tab at the base of the strut in the vehicle's suspension system), as shown below:





https://www.youtube.com/watch?v=aD3s7mjZnwk&t=3s.

COMPLAINT BY FOX FACTORY

153.   The Accused E-LINK Products are electronically controlled utilizing SDi's E-CLIK system. *See* https://www.youtube.com/watch?v=uGhEhLsAXko&t=43s (describing the control of the Accused E-LINK Products using the E-CLIK system).

154.   The installation instructional video referenced in Paragraph 152 above describes how to connect the electronic wiring of the E-LINK to the electronic system of a vehicle, including SDi's E-CLIK system, confirming that the E-LINK is electronically controllable. *See* https://www.youtube.com/watch?v=aD3s7mjZnwk&t=3s

155.   Limitation 1[C] of the '711 Patent recites: **"said second end of said sway bar coupled to a second location on said vehicle."**

156.   The Accused E-LINK Products are configured to be installed in pairs such that a second E-LINK is coupled to a second end of the sway bay and to a second location on the vehicle. *See* https://www.youtube.com/watch?v=uGhEhLsAXko&t=43s (describing how to install the Accused E-LINK Products to a second end of the sway bar and coupled to a second location of the vehicle).

157.   Limitation 1[D] of the '711 Patent recites: **"a graphical user interface (GUI) communicatively coupled with said vehicle and to receive a user input, said user input to change a vehicle suspension mode; and".**

158.   The Accused System includes the SDi E-CLIK system, which further includes a GUI communicatively coupled with the vehicle that is capable of receiving a user input to change the vehicle suspension mode.

159.   The Accused System includes and is remotely controllable through the E-CLIK touch screen controller or GUI allowing the user to selectively change the vehicle suspension mode between "unlocked, locked, and auto mode," as shown below:



160.   Limitation 1[E] of the '711 Patent recites: **"a control system to receive said user input from said GUI and automatically connect or disconnect said electronically controlled connector."**

161.   The Accused System includes the SDi E-CLIK system, which includes a GUI that can be set to automatically connect or disconnect the electronically controlled connector.

162.   The Accused System includes and is remotely controllable through the E-CLIK touch screen controller or GUI allowing the user to selectively change the vehicle suspension mode between "unlocked, locked, and auto mode," as shown in the images referenced Paragraph 157 above.

163.   As a result of SDi's infringement of the '711 Patent, FOX Factory has been damaged and will continue to be damaged by SDi's unlawful conduct. FOX Factory is entitled to recover damages pursuant to 35 U.S.C. § 284 adequate to compensate for SDi's infringing activities in and amount to be determined at trial, but in no event less than a reasonable royalty.

164.   SDi's infringement of the '711 Patent has injured and continues to injure FOX Factory and will continue to cause irreparable harm to FOX Factory unless SDi is enjoined from infringing one or more claims of the '711 Patent. FOX Factory is entitled to preliminary and/or permanent injunctive relief against SDi from further infringement pursuant to 35 U.S.C. § 283.

165.    Since at least as early as the receipt of FOX Factory's May 7, 2025 letter, SDi's infringement of the '711 Patent has been and continues to be knowing, intentional, and willful.

166.    As a result of at least SDi's willful infringement of the '711 Patent, this is an exceptional case, and FOX Factory is entitled to an award of its reasonable attorneys' fees pursuant to 35 U.S.C. § 285.

## COUNT VIII

## INDUCED INFRINGEMENT OF THE '711 PATENT

167.    FOX Factory incorporates and re-alleges the allegations contained in the preceding paragraphs as if set forth verbatim herein.

168.    SDi has induced, and continues to induce, infringement of the '711 Patent by actively, knowingly, and intentionally inducing third parties to directly infringe one or more claims of the '711 Patent by using one or more sway bar link disconnect products and related components, including the Accused E-LINK Products, within the United States in violation of 35 U.S.C. § 271(b).

169.    By way of example, SDi has induced, and continues to induce, its customers and other end-user of the Accused E-LINK Products to directly infringe at least Claim 1 of the '711 Patent through activities such as creating and distributing marketing and promotional materials, creating and distributing product literature, and offering installation and technical support for the Accused E-LINK Products, each of which are designed to instruct, encourage, direct, enable, and facilitate SDi's customers to use of the Accused E-LINK Products in combination with vehicles that utilize a sway bar in a manner that infringes the '711 Patent.

170.    SDi actively markets the Accused E-LINK Products on its website as a component for use in a sway bar system, including for use on vehicles having a sway bar system, such as the Jeep Wrangler (JK) and Jeep Wrangler (JL/JT). *See, e.g.,* https://www.suspensiondirect.com/shop/e-link-for-jeep-jk.

171.    SDi also actively markets the Accused E-LINK Products as a component for use on vehicles having a sway bar system through various promotional videos, including a promotional video showing the Accused E-LINK Products in use on a Jeep Wrangler (JK). *See* https://www.youtube.com/watch?v=uGhEhLsAXko&t=43s.

172.    SDi also provides installation and technical videos that are designed to instruct, encourage, direct, enable, and facilitate the installation and use of the Accused E-LINK Products on vehicles having a sway bar system. *See* https://www.youtube.com/watch?v=aD3s7mjZnwk&t=3s.

173.    SDi has had actual knowledge of the '711 Patent, as well as actual knowledge of direct infringement of the '711 Patent, since at least as early as the receipt of FOX Factory's May 7, 2025 letter.

174.    Despite such knowledge of the '711 Patent, or being willfully blind to the existence of the '711 Patent, SDi has provided, and continues to provide, the Accused E-LINK Products to third parties, including its customers and instructs, encourages, directs, enables, and facilitates third parties' use of the Accused E-LINK Products in combination with vehicles that utilize a sway bar in a manner that infringes the '711 Patent.

175.    Third parties, including but not limited to SDi's customers install and use the Accused E-LINK Products in a manner that directly infringes the '711 Patent. As a result, and upon information and belief, SDi has knowingly and intentionally encouraged and aided its customers to directly infringe the '711 Patent.

176.    Upon information and belief, SDi specifically intended and intends that its actions will induce infringement of the '711 Patent or subjectively believes that its actions will result in infringement of the '711 Patent.

177.    As a direct and proximate result of SDi's inducement of infringement of the '711 Patent, FOX Factory has been and continues to be damaged. FOX Factory is entitled to recover damages pursuant to 35 U.S.C. § 284 adequate to compensate for

1    SDi's infringing activities in and amount to be determined at trial, but in no event less

2    than a reasonable royalty.

3        178.   SDi's infringement of the '711 Patent has injured and continues to injure

4    FOX Factory and will continue to cause irreparable harm to FOX Factory unless SDi

5    is enjoined from infringing one or more claims of the '711 Patent. FOX Factory is

6    entitled to preliminary and/or permanent injunctive relief against SDi from further

7    infringement pursuant to 35 U.S.C. § 283.

8        179.   Since at least as early as the receipt of FOX Factory's May 7, 2025 letter,

9    SDi's infringement of the '711 Patent has been and continues to be knowing,

10   intentional, and willful.

11       180.   As a result of at least SDi's willful infringement of the '711 Patent, this

12   is an exceptional case, and FOX Factory is entitled to an award of its reasonable

13   attorneys' fees pursuant to 35 U.S.C. § 285.

14                                **COUNT IX**

15    **CONTRIBUTORY INFRINGEMENT OF THE '711 PATENT**

16       181.   FOX Factory incorporates and re-alleges the allegations contained in the

17   preceding paragraphs as if set forth verbatim herein.

18       182.   SDi has contributed, and continues to contribute, to the infringement of

19   the '711 Patent by third parties, including at least its customers, by importing, selling,

20   or offering to sell one or more sway bar link disconnect products and related

21   components, including the Accused E-LINK Products, which are material

22   components of the one or more of the inventions claimed in the '711 Patent and are

23   not staple articles of commerce suitable for a non-infringing use.

24       183.   SDi has had actual knowledge of the '711 Patent, as well as actual

25   knowledge of direct infringement of the '711 Patent, since at least as early as the

26   receipt of FOX Factory's May 7, 2025 letter.

27       184.   Despite such knowledge of the '711 Patent, or being willfully blind to

28   the existence of the '711 Patent, SDi imports, offers for sale, and sells in the United

States one or more sway bar link disconnect products and related components, including the Accused E-LINK Products, knowing that the Accused E-LINK Products are especially made for use in the infringement of the '711 Patent. There is no other use for the Accused E-LINK Products other than as a component for use in a sway bar system, including for use on vehicles having a sway bar system, such as the Jeep Wrangler (JK) and Jeep Wrangler (JL/JT). *See, e.g.,* https://www.suspensiondirect.com/shop/e-link-for-jeep-jk.

185.   SDi's customers who purchase the Accused E-LINK Products do so with the sole purpose of incorporating the Accused E-LINK Products as a component for use in a sway bar system, including for use on vehicles having a sway bar system, in a manner that directly infringes the '711 Patent and in fact do incorporate the Accused E-LINK Products in a manner that directly infringes the '711 Patent.

186.   As a direct and proximate result of SDi's contributory infringement of the '711 Patent, FOX Factory has been and continues to be damaged. FOX Factory is entitled to recover damages pursuant to 35 U.S.C. § 284 adequate to compensate for SDi's infringing activities in and amount to be determined at trial, but in no event less than a reasonable royalty.

187.   SDi's infringement of the '711 Patent has injured and continues to injure FOX Factory and will continue to cause irreparable harm to FOX Factory unless SDi is enjoined from infringing one or more claims of the '711 Patent. Fox is entitled to preliminary and/or permanent injunctive relief against SDi from further infringement pursuant to 35 U.S.C. § 283.

188.   Since at least as early as the receipt of FOX Factory's May 7, 2025 letter, SDi's infringement of the '711 Patent has been and continues to be knowing, intentional, and willful.

189.   As a result of at least SDi's willful infringement of the '711 Patent, this is an exceptional case, and FOX Factory is entitled to an award of its reasonable attorneys' fees pursuant to 35 U.S.C. § 285.

## JURY DEMAND

FOX Factory hereby respectfully requests a trial by jury of all issues raised in this Complaint, pursuant to Rule 38 of the Federal Rules of Civil Procedure.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff FOX Factory, Inc. prays that this Court enter judgment in favor of Plaintiff and against Defendant Suspension Direct, Inc. as follows:

A.    Entry of judgment that SDi has directly infringed the Asserted Patents pursuant to 35 U.S.C. § 271(a);

B.    Entry of judgement that SDi has indirectly infringed the Asserted Patents pursuant to 35 U.S.C. §§ 271(b) & (c);

C.    An Order permanently enjoining SDi, and its respective agents, officers, directors, employees, attorneys, affiliated companies, successors-in-interest, and all those in active concert or participation with it, and all other parties properly enjoined by law, from infringing, directly or indirectly, or inducing others to directly infringe one ore more claims of the Asserted Patents.

D.    An Order that SDi provide an accounting and pay to FOX Factory damages in an amount adequate to compensate FOX Factory for SDi's infringement of the Asserted Patents, including damages for lost profits, but in no event less than a reasonable royalty, including up to treble damages for willful infringement pursuant to 35 U.S.C. § 284;

E.    An order that this is an exceptional case under 35 U.S.C. § 285 meriting that FOX Factory be awarded its costs, including its reasonable attorneys' fees and other expenses incurred in connection with this action; and,

1      F.     Any other relief that the Court finds legal, just and equitable, as

2           may be available under law.

3

4

Respectfully submitted this 25th day of July, 2025

5

6

7

By:   /s/ Matthew J. Hawkinson

8

Matthew J. Hawkinson (SBN 248216)
9      mhawkinson@hycounsel.com
**HAWKINSON YANG LLP**
10     8033 Sunset Blvd. #3300
Los Angeles, California 90046
11    Telephone: (213) 634-0370

12    Joseph W. Staley (GA Bar #142571)
(pro hac vice forthcoming)
13    Scott P. Amy (GA Bar #141416)
(pro hac vice forthcoming)
14    Andrea P. Nguyen (GA Bar #306931)
(pro hac vice forthcoming)
15    Thomas F. Finch (GA Bar #637008)
(pro hac vice forthcoming)
16    **PERILLA KNOX &
HILDEBRANDT LLP**
17    5871 Glenridge Drive, Suite 350
Atlanta, GA 30328
18    Telephone: 770-927-7802
Facsimile: 877-389-6779

19

Attorneys for Plaintiff
20    FOX Factory, Inc.

41     Case No. 5:25-cv-01910
**COMPLAINT BY FOX FACTORY**